UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALI AMIRI., | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: 7:18-cv-00425-RDP<br>} |
| THE BOARD OF TRUSTEES OF THE<br>UNIVERSITY OF ALABAMA, | }<br>}<br>} |
| Defendant. | |

## MEMORANDUM OPINION

This case is before the court on pro se Plaintiff Ali Amiri's Motion to Rule on the Existing Deficiencies in the SEVIS System (Doc. # 62) filed on August 28, 2019. The court construes Plaintiff's Motion as a motion to amend the pleadings. *See* FED. R. CIV. P. 15(a). In his Motion, Plaintiff requests that the court order the University of Alabama to obtain student signatures before processing Student and Exchange Visitor Information System ("SEVIS") termination paperwork. (*Id.* at 6). After careful consideration, and for the reasons explained below, the court concludes that the motion is due to be denied.

### I. Background

Plaintiff is an Iranian national who began a Ph.D. program in physics at the University of Alabama in August 2011. (Doc. # 28 at ¶5). Following the spring 2017 academic semester, Plaintiff was dismissed from the physics graduate program based on his "demonstrated lack of progress in research and disrespectful conduct towards faculty advisers, colleagues and members of the academic community." (Doc. # 45-6 at 45). Plaintiff subsequently sued the Board of Trustees of the University of Alabama, claiming that the University failed to afford him procedural due process in dismissing him from the Ph.D. program. (Doc. # 28). Plaintiff and the

1

University have been litigating this lawsuit since March 2018. (Doc. #1).

Plaintiff amended his complaint twice. In the first instance, in April 2018, the court required Plaintiff to amend his complaint in compliance with Federal Rule of Civil Procedure 8. (Docs. # 3, 4). In the second, in July 2018, Plaintiff was required to re-plead his due process claim. (Doc. # 27, 28). The parties completed initial discovery and a motion for summary judgment is currently pending before the court. (Doc. # 43). The summary judgment motion is fully briefed, and the parties submitted evidence in support of their positions. (Docs. # 44, 45, 48, 50, 52, 53, 56).

After the summary judgment briefings and evidentiary materials were submitted, Plaintiff filed a Motion to Stop Detention and Deportation by Homeland Security (Doc. # 58), which the court construed as a motion for a preliminary injunction. (Doc. # 60 at 1). After careful consideration, the court denied Plaintiff's motion. (*Id.* at 12). Subsequently, Plaintiff was detained by Immigration and Customs Enforcement ("ICE") and is currently being held at LaSalle Detention Center in Jena, Louisiana. (*Id.* at 1, n. 1).

## II. Legal Standard

Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides that, after any responsive pleading has been filed, subsequent amendments are permitted only with the leave of the district court. Specifically, Rule 15(a) provides:

> A party may amend its pleading once as a matter of course . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires . . . .

FED. R. CIV. P. 15. The decision of whether to grant leave to amend is within the sound discretion of the trial court and is not automatic. *Best Canvas Prod. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 622–23 (11th Cir. 1983); *see Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–33 (1971) ("It is [well] settled that the grant of leave to amend

the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.").

However, "'[d]iscretion' may be a misleading term, for [R]ule 15(a) severely restricts the judge's freedom [to deny a motion], directing that leave to amend 'shall be freely given when justice so requires.'" *Best Canvas,* 713 F.2d at 622–23 (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597–98 (5th Cir.1981)). Accordingly, "'[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Best Canvas,* 713 F.2d at 622–23 (quoting *Dussouy,* 660 F.2d at 598).

Having said that, when exercising its discretion, the trial court may consider factors such as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Best Canvas,* 713 F.2d at 622–23 (quoting *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir.1981)).

### III. Analysis

In considering Plaintiff's Motion, the record does not reflect "bad faith or dilatory motive on the part of the movant . . . ." *Best Canvas,* 713 F.2d at 622–23 (quoting *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir.1981)). However, there is clear evidence of "undue delay," as Plaintiff did not request relief regarding the SEVIS system in his initial complaint, first amended complaint, or second amended complaint. *Id.* This delay in pleading, indicates Plaintiff's "repeated failure to cure deficiencies by amendments previously allowed . . ." *Id.*; *see, e.g., Best Canvas,* 713 F.2d at 622–23 ("The primary reason for disallowing [Defendant's] motion to amend[ ] was [Defendant's] undue delay in submitting the motion.)

Moreover, the danger of "undue prejudice to [Defendant] by virtue of allowance of the amendment is high . . . " *Id.* The deadline for initial discovery passed on March 1, 2019, and all

3

dispositive motions were due on March 22, 2019. (Doc. # 36 at 2). Currently, there is a fully briefed motion for summary judgment, and accompanying evidentiary exhibits, pending before the court. (Docs. # 43. 44, 45, 52, 53, 56). At this stage, allowing Plaintiff to amend his complaint, yet again, would require the parties to start back at square one, at least on this significant claim. Defendant would be forced to engage in additional discovery and re-draft dispositive motions. *See, e.g., Best Canvas,* 713 F.2d at 622–23 ("The court emphasized that [Defendant] had waited until after the entry of an adverse summary judgment and after the close of a two-year discovery period.").

Finally, there is a substantial question as to whether the relief sought in the instant motion will redress Plaintiff's injuries. Plaintiff is currently in ICE custody. He requests injunctive relief seeking a "[c]ourt order that the universities must get a signature of the international student on a SEVIS termination form, before the university closes[s] the SEVIS account of the student in the SEVIS system." (Doc. # 62 at 11).

When considering the likely futility of Plaintiffs' allegations, the danger of undue prejudice to the Defendant is high. Here, Plaintiff's delay in raising the SEVIS claim constitutes a "substantial reason to deny leave to amend." *See Best Canvas,* 713 F.2d at 622–23 (quoting *Dussouy,* 660 F.2d at 598). Accordingly, the interests of justice do not indicate that the court should grant Plaintiff leave to amend his pleadings.

**IV. Conclusion**

After careful review, the court concludes that Plaintiff's motion to amend the pleadings (Doc. # 62) is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this September 4, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE