## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **ALI AMIRI.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.: 7:18-cv-00425-RDP** |
| } | |
| **THE BOARD OF TRUSTEES OF THE** } | |
| **UNIVERSITY OF ALABAMA,** } | |
| } | |
| **Defendant.** | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendant's Motion for Summary Judgment (Doc. # 43), filed March 22, 2019. Consistent with the Eleventh Circuit's decision in *Griffith v. Wainwright*, 772 F.2d 822, 825–26 (11th Cir. 1985), the court expressly gave *pro se* Plaintiff Ali Amiri thirty-five days notice, included for his information the summary judgment rules, and explained "his right to file affidavits or other materials in opposition to the motion, and of the consequences of default." (Doc. # 46). The Motion is fully briefed and ripe for review. (Docs. # 44, 45, 48, 50, 52, 53, 56). For the reasons explained below, Movants' Motion for Summary Judgment is due to be granted.

### I.    Background and Procedural History

The record in this case is voluminous and an exhaustive recitation of the facts is unnecessary, as this case hinges on the applicability of Eleventh Amendment immunity.  As such, the court will provide a brief overview of facts and then discuss the case's relevant procedural history. Ali Amiri ("Plaintiff") is an Iranian national who began a PhD program in physics at the University of Alabama in August 2011. (Doc. # 28 at ¶5)[1]. Following the spring 2017 academic semester, Plaintiff was dismissed from the physics graduate program based on his

---

[1] The operative complaint in this case is Plaintiff's Second Amended Complaint. (Doc. # 28).

"demonstrated lack of progress in research and disrespectful conduct towards faculty advisers, colleagues and members of the academic community." (Doc. # 45-6 at 45). In March 2018, Plaintiff sued the Board of Trustees of the University of Alabama ("University" or "Defendant"), as well as several administrators and professors. (Docs. # 1, 4).

The parties have litigated this case aggressively. Plaintiff has weathered three motions to dismiss, and the University is the only remaining defendant. Plaintiff's sole surviving claim is brought under 48 U.S.C. § 1983. He alleges that he was deprived of procedural due process. (Doc. # 28). The parties have engaged in discovery and the University filed a Motion for Summary Judgment. (Doc. # 43). The parties briefed the Motion and submitted Rule 56 evidence in support of their respective positions. (Docs. # 44, 45, 48, 50, 52, 53, 56).

After summary judgment briefing was complete, Plaintiff filed a Motion to Stop Detention and Deportation, on June 5, 2019. (Doc. # 57). The court construed Plaintiff's Motion as a request for a temporary restraining order and preliminary injunction directing the University to reinstate Plaintiff as a student/employee of the University of Alabama and/or issue Plaintiff an updated document to that effect. (*Id.*). Because Plaintiff failed to show a substantial likelihood that the University's real reasons for dismissing him were other than academic, the court denied Plaintiff's motion for a temporary restraining order and preliminary injunction . (Docs. # 60, 61). Plaintiff was subsequently apprehended and is currently in DHS/ICE Custody.

Three months after the court denied Plaintiff's Motion to Stop Detention and Deportation, Plaintiff filed a motion requesting the court to "rule on existing defficiencies [sic] in the SEVIS system," which the court construed as a motion to amend the pleadings. (Doc. # 62). The court denied Plaintiff's Motion. (Docs. # 63, 64). Plaintiff subsequently filed an "Affidavit of His Scientific Achievements & the Right of Diabetic Patient to Live." (Doc. # 65). The court

did not address this filing as there was no discernable relief requested within it. Rather, Plaintiff has indicated that the purpose of filing "this affidavit [is] an effort to reveal the truth." (Doc. # 65 at 1).

The court now turns its attention to the University's Motion for Summary Judgment. (Doc. # 43). The University argues that this case is due to be dismissed because the University enjoys Eleventh Amendment immunity from suit. Plaintiff claims Alabama has waived Eleventh Amendment immunity and the case should proceed. For the reasons explained below, the University's Motion for Summary Judgment is due to be granted.

## II.   Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *Id*. at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d

1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on her allegations made in the complaint; instead, as the party bearing the burden of proof at trial, she must come forward with at least some evidence to support each element essential to her case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.' " *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co*., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one

party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also, LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

### III.    Analysis

As noted above, the only remaining claim in this case is Plaintiff's procedural due process claim, brought pursuant to 42 U.S.C. § 1983.[2]  The University argues that Plaintiff's claim is barred by the Eleventh Amendment. Plaintiff argues that Alabama has waived immunity and the University is subject to suit. In light of these different positions, it is necessary for the court to provide an overview of legal principles related to the Eleventh Amendment and waiver of immunity.

The Eleventh Amendment provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "Despite its limited terms, the Eleventh Amendment has long been interpreted as evidencing broader principles of federalism that prohibit federal courts from exercising jurisdiction over suits against a non-consenting [s]tate, not only where brought by

---

[2] Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In short, § 1983 creates a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

citizens of other [s]tates or of foreign nations but also by that [s]tate's own citizens as well." *Lambert v. Bd. of Trustees of Univ. of Ala.*, No. 2:18-CV-1112-JEO, 2019 WL 339178, at *7 (N.D. Ala. Jan. 28, 2019), *aff'd sub nom. Lambert v. Bd. of Trustees*, No. 19-10621, 2019 WL 6273402 (11th Cir. Nov. 25, 2019); *see Eubank v. Leslie*, 210 F. App'x 837, 844 (11th Cir. 2006) ("The Eleventh Amendment has been construed to bar suits against a state brought by that state's own citizens, absent the state's consent.); *see Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

The Eleventh Amendment bars suits against any "arm of the state," including "agents and instrumentalities of the [s]tate." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc) (plurality opinion). Here, the parties correctly agree that the University is an "arm of the state" entitled to Eleventh Amendment Immunity. (Doc. # 52 at 27 ("In general [the University] is a state actor."); *see Eubank v. Leslie*, 210 F. App'x 837, 844 (11th Cir. 2006) ("The University of Alabama Board of Trustees is a state agency . . . ."). The long-standing rule is that the Eleventh Amendment bars such suits unless: (1) the state has expressly waived its immunity through legislative enactment; or (2) Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Id.* Congress has not abrogated Eleventh Amendment immunity in § 1983 cases.[3] *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524-25 (11th Cir. 1990); *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity . . . .") (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Thus, the viability of Plaintiff's claim hinges on whether Alabama has waived its immunity.

---

[3] A third exception is available in limited circumstances not applicable here. Prospective injunctive relief may be sought in "a suit challenging the constitutionality of a state official's action." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) (discussing *Ex Parte Young*, 209 U.S. 123 (1908)). Because Plaintiff's only remaining claim in this action is asserted against an "arm of the state" and not a "state official," this narrow exception does not apply in this case.

"The test to determine if a state has waived its sovereign immunity 'is a stringent one.'" *Barnes v. Zaccari*, 669 F.3d 1295, 1308 (11th Cir. 2012) (citing *Fla. Prepaid*, 527 U.S. at 676). A state's consent to suit must be "unequivocally expressed" via legislative enactment. *Fla. Prepaid*, 527 U.S. at 676; *Carr*, 916 F.2d at 1524-25. Further, the Supreme Court has expressed that "only where stated 'by the most express language or by such overwhelming implication from the test as [will] leave no room for any other reasonable construction." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237–38 (1985)). Article 1, section 14 of the Alabama Constitution of 1901 expressly states that "the State of Alabama shall never be made a defendant in any court of law or equity. *Carr v. City of Florence, Ala.*, 916 F.2d at 1525. Further, the Eleventh Circuit has repeatedly found that Alabama has not waived its Eleventh Amendment immunity. *Carr*, 916 F.2d at 1524-25; *Free v. Granger,* 887 F.2d 1552, 1557 (11th Cir. 1989); *Parker v. Williams,* 862 F.2d 1471, 1476 (11th Cir. 1989). Thus, it is clear that Alabama has not waived Eleventh Amendment immunity.

Nevertheless, Plaintiff argues the University is subject to suit because "the state removed the immunity of the UA and referred the UA to the courts." (Doc. # 52 at 7). Plaintiff bases this argument on a letter he received from Governor of Alabama's General Counsel, which states:

> After much review and discussion with officials at the University of Alabama, as well as the University Counsel, we have determined that your dispute with the University is not a matter for resolution through governor Kay Ivey's office. Your appropriate recourse is through the courts of Alabama.
>
> * * *
>
> Please consider this our final response to your repeated inquiries on the matter of your allegations against the University of Alabama.

(Doc. # 53 at 84). Plaintiff claims this "letter shows that [University] is subject to the [c]ourt's

power to enforce the rule of law."[4] (Doc. # 53 at 83, n.1). The court construes Plaintiff's cyclical argument as follows: Alabama has waived Eleventh-Amendment immunity because the Governor's office referred him to the court system, and because the Governor referred him to the court system, it follows that Alabama cannot claim immunity in this instance. (*Id.*).

The Governor's office responded to Plaintiff and referred him to the Alabama court system. But, Plaintiff has wholly failed to explain how such a reference (or, for that matter, such a "referral") to the Alabama court system amounts to a waiver of immunity. Although Plaintiff's argument is creative, a waiver of Eleventh Amendment immunity requires far more than a general referral to the "courts of Alabama." For example, even a state statute authorizing the state to be sued "in any court of competent jurisdiction" does not sufficiently waive Eleventh Amendment immunity. *Kenscott Copper Corp. V. State Tax Commn.*, 327 U.S. 573, 578-80 (1946). Rather, the state statute must specify the State's intention to subject itself to waiver in federal court. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. at 241.

To be sure, there are in fact cases where a state has waived Eleventh Amendment immunity. But these decisions are easily distinguishable from this situation. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002) (holding that a state waives its Eleventh Amendment immunity when it removes a case from state court to federal court); *Gunter v. Atl. Coast Line R. Co.*, 200 U.S. 273, 284 (1906) ("where a state voluntarily become a party to a cause, and submits its rights for judicial determination, it will be bound thereby, and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment."); *see Gardner v. New Jersey,* 329 U.S. 565, 574 (1947) (holding in the context of

---

[4] The letter from the Governor's office refers Plaintiff to the "courts of Alabama." (Doc. # 53 at 84). The letter implies that Plaintiff's remedy lies with the Alabama state courts, not the federal court system. Even if Plaintiff filed this case in state court, Eleventh Amendment immunity extends to suits filed against the state in state courts and before federal administrative agencies. *Alden v. Main*e, 527 U.S. 706 (1991)

a bankruptcy claim, that a State waives any immunity for a claim that it voluntarily files in federal court); *see e.g.*, *Clark v. Barnard,* 108 U.S. 436, 447 (1883) (holding that a state's voluntary appearance in federal court as an intervenor avoids Eleventh Amendment inquiry).

The University correctly argues that "[t]he [S]upreme [C]ourt and Eleventh Circuit have routinely held that state universities, as state agencies are entitled to Eleventh Amendment immunity from [42 U.S.C. § 1983]." (Doc. # 44 at 17). Although the University is correct, the court finds it peculiar that the University has aggressively litigated this case but did not substantively raised Eleventh Amendment immunity until just recently in their Summary Judgment briefing.[5] The University first raised Eleventh Amendment immunity in a footnote, in its initial Motion to Dismiss. (Doc. # 7 at 10, n. 32 ("Defendants do not waive any defenses not raise in this initial Motion to Dismiss including any immunity defenses.")). In its Second Motion to Dismiss, the University did not reserve their right to raise an immunity defense, Eleventh Amendment or otherwise. (Doc. # 29). Subsequently, the University reserved Eleventh Amendment immunity in its Answer. (Doc. # 35 at 9).

Although the decision not to raise Eleventh Amendment immunity at the outset of this case is curious, it certainly is not fatal. As previously stated, the test for waiver of Eleventh Amendment immunity "is a stringent one." *Barnes,* 669 F.3d at 1308. Waiver will be granted "only where stated 'by the most express language or by such overwhelming implication from the test as [will] leave no room for any other reasonable construction." *Fla. Prepaid*, 527 U.S. at 676; *Carr*, 916 F.2d at 1524-25. In fact, waiver can be raised for the first time on appeal. *Edelman v. Jordan*, 415 U.S. 651, 677–78 (1974) (noting that "it has been well settled since the

---

[5] Courts may, but are not required to, raise Eleventh Amendment Immunity *sua sponte*. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("Unless the State raises [Eleventh Amendment immunity], a court can ignore it."); see *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 515, n. 19 (1982)

decision in *Ford Motor Co. v. Department of Treasury*, [323 U.S. 459 (1945)] [] that the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court.").

Here, the University raised immunity as a bar to Plaintiff's claims in both its initial Motion to Dismiss and its Answer. The fact that the University failed to make a substantive waiver argument prior to its summary judgment briefing does not constitute waiver. "[E]ven if the court were to assume, for the sake of argument, that consent count be inferred from the failure to raise the objection at the outset of the proceedings—a standard [the Supreme Court] has not adopted—consent would still not be found here since [Defendant] raised the issue in its answer." *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 546 (2002). Thus, the University's delay in raising this argument does not affect the applicability of immunity in this case. The University is entitled to Eleventh Amendment immunity on Plaintiff's § 1983 procedural due process claim.

## IV.    Conclusion

For the reasons discussed above, the University's Motion for Summary Judgment (Doc. # 44) is due to be granted. An Order consistent with this Memorandum Opinion will be entered contemporaneously.

**DONE** and **ORDERED** this February 12, 2020.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE